UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:09-CV-73-BO

MARILYN L. CURRIE, )
 )
        Plaintiff, )
 )
v. ) O R D E R
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
        Defendant. )
_____ )

This matter is before the Court on the parties' cross motions for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). For the reasons below, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's decision is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is DENIED.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits on September 28, 2001, alleging disability as of August 15, 2001. Plaintiff's claim was denied initially and upon reconsideration. Plaintiff requested a hearing, which was held before an ALJ on February 4, 2004. The ALJ issued an unfavorable decision on February 23, 2004. Plaintiff's request for review from the Appeals Council was denied on November 12, 2004. On December 9, 2005, a U.S. Magistrate Judge recommended that Plaintiff's claim be remanded for further credibility analysis. The U.S. District Court for the District of South Carolina adopted the recommendation and remanded the case for further proceedings. A second administrative hearing was held on August 17, 2006. At the hearing, Plaintiff requested a closed period of benefits because she had

returned to work as of August 15, 2005. The ALJ issued a decision finding no disability on November 17, 2006. The decision of the ALJ became the final decision of the Agency when the Appeals Council denied Plaintiff's request for review on March 6, 2009. Plaintiff filed a Complaint in this Court on May 7, 2009, and a Motion for Judgment on the Pleadings on October 9, 2009. Defendant filed a Motion for Judgment on the Pleadings on January 7, 2010. A hearing was held in Elizabeth City, North Carolina, on August 10, 2010. These motions are now ripe for ruling.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales,* 402 U.S. 389, 401 (1971).

Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment, which significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work. *Id.* Fifth, if a claimant cannot do past relevant work, he or she is disabled if

an impairment prevents the claimant from doing other work. *Id.* "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. Appx. 345, 348 (4th Cir. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

In this case, the parties agree the only issue is at step five of the analysis. Plaintiff's primary contentions are that the ALJ erred by not inquiring whether the vocational expert's ("VE") testimony was consistent with the Dictionary of Occupations Titles ("DOT"); by not giving the opinion of Plaintiff's treating physician adequate weight; and not basing his decision on substantial evidence.

Plaintiff is correct that the ALJ did not inquire whether an inconsistency existed between the DOT and each portion of the VE's testimony. However, that failure to inquire was harmless error because no substantive inconsistency existed. *See Joyce v. Astrue*, Slip Copy, 2009 WL 313345, *4 (M.D.N.C., Feb. 5, 2009) (stating that "While agency decisions must be sustained, if at all, on their own reasoning, this principle does not mechanically compel reversal when a mistake of the administrative body is one that clearly had no bearing on the procedure used or the substance of decision reached"); *Austin v. Astrue*, 2007 WL 3070601, *6 (W.D.Va. Oct.18, 2007) (holding that errors are harmless in social security cases when it is inconceivable that a different administrative conclusion would have been reached absent the error) (*citing Camp v. Massanari*, 22 Fed. Appx. 311 (4th Cir. 2001)).

When there is an apparent unresolved conflict between VE evidence and the DOT, Social Security Regulation ("SSR") 00-4p requires the adjudicator to "elicit a reasonable explanation for the conflict before relying on the VE [] evidence to support a determination or decision about

3

whether the claimant is disabled." SSR 00-4p. The rule requires the ALJ to inquire as to whether or not there is such consistency between the VE testimony and the DOT. At the hearing, the ALJ asked numerous questions of the VE, including whether the VE's classification of Plaintiff's past work "varie[d] in any significant degree from the DOT category." Tr. 1125-31, 1132-34. While the ALJ did not ask whether the prospective jobs later identified by the VE were also consistent with the DOT, his failure to ask the question did not affect the outcome of the claim because there was ultimately no substantive conflict between the VE testimony and the DOT. Plaintiff alleges that there was a conflict between the surveillance system monitor position identified by the VE and the description of the job in the DOT because the VE referenced the job number 379.367.014, rather than 379.367-010, and because the VE identified the position as "surveillance systems monitor" instead of "surveillance system monitor (government ser.)." As the Appeals Council acknowledged, Plaintiff is correct, however this is only a technical error and "those jobs can be readily identified in the DOT and the other DOT numbers cited by the vocational expert were correct." Tr. 654. The jobs identified by the VE in this case have a specific vocational preparation of "2." This is not inconsistent with the ALJ's finding that Plaintiff could only perform unskilled, simple, and routine work. *See Renfrow v. Astrue*, 496 F.3d 918, 921 (8th Cir. 2007)(*citing Hillier v. Soc. Sec. Admin*, 486 F.3d 359, 367 (8th Cir. 2007) (finding that "the jobs in question are both classified as unskilled and so do not appear to be 'complex'").

The ALJ also properly developed the record and took into account the testimony and notes of Plaintiff's treating physician, Dr. Afulukwe. Plaintiff argues the ALJ improperly rejected the opinion of Dr. Afulukwe. The opinion of a treating physician is entitled to

4

controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence of record. 20 C.F.R. §§ 404.1527, 416.927(d)(2). In the Fourth Circuit, a treating physician's opinion may be "disregarded only if there is persuasive contradictory evidence." *Mitchell v. Schweiker*, 699 F.2d 185, 187 (4th Cir. 1983). Dr. Afulukwe's opinion was not given greater weight by the ALJ because it was not well-supported by medically acceptable clinical and laboratory diagnostic techniques, and was inconsistent with the other substantial evidence of record. Tr. 672.

The ALJ explained that he gave "little" weight to Dr. Afulukwe's December 29, 2003 opinion because it was "inconsistent with the other evidence in the record, including his own treatment notes." *Id.* The ALJ then cited numerous examples of inconsistencies. For instance, the ALJ noted that Dr. Afulukwe "gave specific limitations in his questionnaire but his treatment notes do not contain any evidence of functional tests." *Id.* The ALJ also stated that the doctor wrote that Plaintiff had diffuse muscle weakness and walked with a cane, yet his notes show that he concluded that her complaints of weakness were psychosomatic. Additional treatment notes from other physicians echoed the opinion that there was a psychosomatic or malingering component to some of Plaintiff's conditions. Tr. 476 (Dr. Abrams stated that there could be a psychiatric or malingering component to Plaintiff's reported dysphonia); Tr. 486 (Dr. Susec stated that "one would have to consider malingering as a possibility" when assessing her breathing complaints); and Tr. 565 (noting that Plaintiff's "chronic psych dysphonia, now back"). The ALJ also explained that Dr. Afulukwe's treatment notes did not support his December 2003 opinion, but instead showed that Plaintiff's only functional limitation was that she should avoid performing strenuous activities.

5

Finally, the ALJ properly assessed Plaintiff's RFC and performed a function-by-function analysis. Tr. 668-73. Taking all the evidence as a whole, the ALJ's decision was based on substantial evidence.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is GRANTED, the ALJ's decision is AFFIRMED, and Plaintiff's Motion for Judgment on the Pleadings is DENIED.

SO ORDERED.

This _21_ day of August, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE